1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN I. MCALLISTER, | CASE NO. 1:06-cv-00082-OWW-WMW PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| J E GUNJA, et al., | |
| Defendants. | (Doc. 1) |
| _____/ | RESPONSE DUE WITHIN THIRTY DAYS |

Plaintiff John I. McAllister ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999 (1971), which provides a remedy for violations of civil rights by federal actors.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.   <u>Plaintiff's Claims</u>**

   **A.   <u>Summary of Complaint</u>**

   Plaintiff was incarcerated at the United States Penitentiary in Atwater, California ("Atwater") at the time the events in his complaint occurred. Plaintiff names the following parties as defendants:

   J. E. Gunja - Western Regional Director of the division of the Federal Bureau of Prisons

   Paul M. Schultz - Warden

   A. Booth - Associate Warden of Operations

   C. Gant - Associate Warden of Industries, Education and Recreation

   J. Jusino - Director of Recreation

   L. Smith - Safety Officer

   L. Martin - manager of CMS

   McCarty - Shop-Foreman of CMS

   Gordon - Work Crew Correctional Officer

   R. Boister - Work Crew Correctional Officer

   R. Brown - Case Manager

   Federal Bureau of Prisons

   The incident described in the complaint took place on February 14, 2004. Plaintiff was walking down a walkway near the prison's softball field. Plaintiff was struck by a softball that flew

2

over the fence and into the walkway.  The impact of the softball caused Plaintiff's sunglasses to shatter causing serious injuries to Plaintiff's eye.  Plaintiff was knocked down on impact and was unconscious for a few minutes.

Officer Scott (not named as a defendant) was the first officer on the scene and arrived after about five minutes.  Another five minutes later, a prisoner brought a wheel chair to the scene and Plaintiff was taken to the prison hospital by Officer Scott.  It took approximately 15 minutes for staff to get Plaintiff to the prison hospital.  After arriving at the hospital, it took several hours to close the laceration in Plaintiff's eye.  Plaintiff was also seen by a doctor outside the prison to receive more stitches.

Plaintiff was prescribed pain medication and eye drops from the outside opthamologist, Doctor Kenneth R. Grossman (not named as a defendant).  Plaintiff did not receive the prescribed medication that day.  The next day, February 13, 2004, Plaintiff attempted to pick up his prescribed medication but was told that they did not have it that day.  Plaintiff returned with Lt. Spencer (not named as a defendant) but was still unable to pick up his prescribed medication.  On February 20, 2004, Plaintiff returned to the medical pill line with Lt. Spencer but only received one day's worth of pain medication because the prescription had run out.

On February 27, 2004, Plaintiff had an appointment with an unnamed doctor.  The doctor informed Plaintiff that the impact from the softball had caused permanent blindness in his eye.

Plaintiff spoke to Defendant Warden Schultz about his injury and about the hazardous condition around the softball field but alleges Defendant Schultz "didn't care about that nor did he want to hear about it."

Plaintiff filed a tort claim through the prison's administrative remedy procedures which Plaintiff deemed inadequate.  Plaintiff alleges that he had worked for two years as a repairman on washers and dryers and other equipment.  At an unspecified later date, Plaintiff was transferred to the electric shop as an electrician.  In April 2005, Plaintiff alleges he was fired from that job in retaliation for filing the tort claim for his injury through the prison administrative remedy procedures.

In June 2005, Plaintiff was transferred to the Federal Correctional Institution in Terre Haute, Indiana.  Plaintiff alleges "Defendants were without just cause to transfer [Plaintiff] out of the

Western Region.  Defendants knew that [Plaintiff] would not receive proper medical care/treatment for his medical problems."  Plaintiff alleges the transfer was to prevent Plaintiff from filing this action.

Plaintiff seeks monetary damages for the following causes of action: 1) Conditions of confinement in violation of the Eighth Amendment against J. E. Gunja, Paul M. Schultz, A. Booth, C. Gant, J. Jusino, L Smith, L. Martin and the Federal Bureau of Prisons.[1]   2) Denial of Due Process and Equal Protection against all named defendants.   3) Retaliation for exercising rights under the First Amendment by filing a complaint through the administrative remedy procedures against Defendants Martin, McCarty, Gordon, Boister and Brown.  4) Civil and Criminal Conspiracy in violation of 42 U.S.C. § 1985(A)(3)(4) and 18 U.S.C. §§ 241-242 against Defendants J. E. Gunja, Paul M. Schultz, A Booth, C. Gant, J. Jusino, L. Smith, L. Martin, McCarty, Gordon, R. Boister and R. Brown.  5) Violation of 42 U.S.C. § 1986 against all named defendants

**B.**     **Plaintiff's Substantive Claims**

**1.**     **Conditions of Confinement Claim**

Plaintiff's complaint alleges that the arrangement of the softball field and the walkway posed a threat to Plaintiff's safety, resulting in an unconstitutionally unsafe condition of confinement in violation of the Eighth Amendment.  Two requirements must be met to establish a violation of the Eighth Amendment by a prison official: First, the deprivation must be sufficiently serious - one that "result[s] in the denial of 'the minimal civilized measure of life's necessities'".  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Second, "[t]o violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state of mind.'"  Id.  "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety."  Id. (citing Wilson v. Seiter, 501 U.S. 294, 302-303 (1991)).

Plaintiff's complaint states a cognizable claim for violation of the Eighth Amendment.  "Persons involuntarily confined by the state have a constitutional right to safe conditions of confinement."  Hoptowit v. Spellman, 753 F.3d 779, 784 (9th Cir. 1985) (citing Youngberg v.

---

[1] Plaintiff's "First Claim for Relief" and "Second Claim for Relief" appear to allege the same cause of action for deliberate indifference to threats to his safety in violation of the Eighth Amendment.

1   <u>Romeo</u>, 457 U.S. 307, 315-16 (1982); <u>Santana v. Collazo</u>, 714 F.2d 1172 (1st Cir. 1983)).  "[T]he

2   Eighth Amendment entitles inmates in a penal institution to an adequate level of personal safety."

3   <u>Id.</u> (citing <u>Santana</u>, 714 F.2d at 1183; <u>Estelle v. Gamble</u>, 429 U.S. 97, 103-104 (1976)).  Plaintiff

4   alleges that the arrangement of the softball field and the walkway at the prison creates and unsafe

5   environment that resulted in a serious injury to Plaintiff's eye.  As for the subjective requirement for

6   establishing Eighth Amendment violations, Plaintiff has alleged he specifically made complaints

7   regarding the safety conditions of the prison softball field/walkway and was ignored, thereby

8   demonstrating that defendants were deliberately indifferent to the prison conditions.

9                **2.      Fifth Amendment Due Process/Equal Protection Claims**

10          Plaintiff's complaint alleges a violation of the Equal Protection Clause.   The Fifth

11   Amendment of the United States Constitution forbids the federal government from carrying out

12   discrimination that is so unjustifiable as to be violative of due process.  <u>Weinberger v Wiesenfeld</u>,

13   420 U.S. 636, 637 n.2 (1975).  Although the Fifth Amendment contains no equal protection clause,

14   the approach to Fifth Amendment discrimination claims is "precisely the same as the approach to

15   equal protection claims under the Fourteenth Amendment."  <u>Id.</u> (citing <u>Schlesinger v. Ballard</u>, 419

16   U.S. 498 (1975)); <u>Jimenez v. Weinberger</u>, 417 U.S. 628, 637 (1974); <u>Frontiero v. Richardson</u>, 411

17   U.S. 677 (1973); <u>but see</u> <u>Hampton v. Mow Sun Wong</u>, 426 U.S. 88, 100 (1976) ("there may be

18   overriding national interests which justify selective federal legislation that would be unacceptable

19   for an individual State").

20          Equal protection claims arise when a charge is made that similarly situated individuals are

21   treated differently without a rational relationship to a legitimate state purpose.  <u>See</u> <u>San Antonio</u>

22   <u>School District v. Rodriguez</u>, 411 U.S. 1 (1972).  In order to state a § 1983 claim based on a

23   violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that

24   defendants acted with intentional discrimination against plaintiff or against a class of inmates which

25   included plaintiff.  <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000) (equal protection

26   claims may be brought by a "class of one"); <u>Reese v. Jefferson Sch. Dist. No. 14J</u>, 208 F.3d 736, 740

27   (9th Cir. 2000); <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998); <u>Federal Deposit Ins.</u>

28   <u>Corp. v. Henderson</u>, 940 F.2d 465, 471 (9th Cir. 1991); <u>Lowe v. City of Monrovia</u>, 775 F.2d 998,

1 | 1010 (9th Cir. 1985). "A plaintiff must allege facts, not simply conclusions, that show that an

2 | individual was personally involved in the deprivation of his civil rights." <u>Barren</u>, 152 F.3d at 1194.

3 | Since Plaintiff's complaint fails to allege that he was treated differently than anyone else, he fails to

4 | allege a cognizable claim for a violation of equal protection.

5 | Plaintiff also alleges that the unsafe conditions at the prison violate the Due Process Clause

6 | of the Fifth Amendment of the U.S. Constitution. Plaintiff's alleged claim is an Eighth Amendment

7 | claim, not a Due Process claim. "Where a particular amendment provides an explicit textual source

8 | of constitutional protection against a particular sort of government behavior, that Amendment, not

9 | the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's

10 | claims." <u>Patel v. Penman</u>, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and

11 | brackets omitted); <u>see</u> <u>also</u> <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 841-42 (1998).

12 | ### 3.   Retaliation Claim

13 | Plaintiff alleges that he was fired from his job and transferred from Atwater in retaliation for

14 | filing claims for his injury through the prison's administrative appeals process. Allegations of

15 | retaliation against a prisoner's First Amendment rights to speech or to petition the government may

16 | support a section 1983 claim. <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir. 1985); <u>see</u> <u>also</u>

17 | <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135 (9th Cir. 1989); <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th

18 | Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five

19 | basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2)

20 | because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise

21 | of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

22 | correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005).

23 | Plaintiff alleges that defendants fired Plaintiff from his job as an electrician and transferred

24 | him from Atwater because of Plaintiff's administrative appeals. Therefore, Plaintiff's complaint

25 | states a cognizable claim for retaliation for Plaintiff's exercise of his First Amendment rights.

26 | ///

27 | ///

28 | ///

1          **4.      42 U.S.C. § 1985(A)(3)(4)[2] and 18 U.S.C. §§ 241-242 Claims**

2          Plaintiff alleges that defendants conspired to deprive Plaintiff of his constitutional rights in

3   violation of 42 U.S.C. § 1985(3) and 18 U.S.C. §§ 241-242.  42 U.S.C. §1985(3) provides a cause

4   of action against persons who enter a conspiracy to deprive any person of the equal protection of the

5   laws.  "The language requiring intent to deprive of *equal* protection . . . means that there must be

6   some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the

7   conspirators' action."  Griffen v. Breckenridge, 403 U.S. 88, 102 (emphasis added).  As discussed

8   above regarding Plaintiff's Equal Protection claims, Plaintiff's complaint fails to allege any facts

9   suggesting any class-based motive on the part of defendants.  Therefore, his complaint fails to state

10  a claim under 42 U.S.C. § 1985(3).

11         Plaintiff also alleges violations of 18 U.S.C. §§ 241 (Conspiracy against rights) and 242

12  (Deprivation of rights under color of law).  Both are criminal statutes.  A private right of action under

13  a criminal statute has rarely been implied.  Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979).

14  Where a private right of action has been implied, "'there was at least a statutory basis for inferring

15  that a civil cause of action of some sort lay in favor of someone.'"  Chrysler Corp., 441 U.S. at 316

16  (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)).   Upon review of these penal statutes, there is no

17  indication that civil enforcement is available.  Therefore, Plaintiff fails to state a claim for violations

18  of 18 U.S.C. §§ 241-242.

19         **5.      42 U.S.C. § 1986 Claim**

20         Plaintiff's complaint alleges a cause of action under 42 U.S.C. § 1986.  "Section 1986

21  provides a remedy against state actors who have negligently failed to prevent a conspiracy that would

22  be actionable under § 1985."  Cerrato v. San Francisco Cmty. Coll. Dist., 26 F.3d 968, 971 n.7 (9th

23  Cir. 1994).  "A claim can be stated under [§] 1986 only if the complaint contains a valid claim under

24  [§] 1985."  Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988).  Since

25  Plaintiff's claim fails to allege a claim under § 1985, his claim under § 1986 must fail as well.

26

27          [2]Plaintiff's complaint alleges a violation of 42 U.S.C. § 1985(A)(3)(4), which does not exist.  The Court
    will assume that Plaintiff is attempting to state a claim under 42 U.S.C. § 1985(3) (Conspiracy to interfere with civil
28  rights).

C.    **Plaintiff's Claims Against Specific Defendants**

Plaintiff names defendants Gunja, Schultz, Booth, Gant, Jusino, Smith and Martin in connection with his Eighth Amendment claim regarding the conditions of his confinement. However, Plaintiff's complaint only alleges sufficient facts to support a cause of action against Warden Schultz. Warden Schultz is the only defendant whom Plaintiff specifically alleges facts suggesting that Defendant Schultz was aware and deliberately indifferent to the conditions created by the softball field.

Plaintiff may not establish claims against defendants by simply alleging conclusory statements linking defendants to the constitutional violations. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citations omitted). Plaintiff must provide specific factual allegations regarding each individual defendant linking their actions or omissions to the constitutional violations in order to support a cause of action against them. Plaintiff cannot simply make conclusory allegations that there was a conspiracy among the defendants or that defendants instituted a policy that deprived plaintiff of his constitutional rights, or defendants failed to train their subordinates - he must allege specific facts that support the existence of the conspiracy, or state what the policy was and how the policy deprived the Plaintiff of his constitutional rights, or how the defendants' failure to train resulted in the deprivation of his constitutional rights.

Finally, supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885

F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).

In summary, Plaintiff alleges a cognizable claim for relief for unsafe conditions of confinement in violation of the Eighth Amendment against defendant Schultz. Plaintiff also alleges a cognizable claim for relief for retaliating against Plaintiff's exercise of his First Amendment rights against defendants Martin, McCarty, Gordon, Boister and Brown. Plaintiff fails to allege any other cognizable claims. Plaintiff fails to allege facts regarding the actions or omissions of defendants Gunja, Booth, Gant, Jusino, Smith, Martin, and the Federal Bureau of Prisons linking them to the allegedly unsafe conditions in violation of the Eighth Amendment.

## III.   <u>Conclusion and Order</u>

In summary, Plaintiff alleges a cognizable claim for relief for unsafe conditions of confinement in violation of the Eighth Amendment against defendant Schultz. Plaintiff also alleges a cognizable claim for relief for retaliating against Plaintiff's exercise of his First Amendment rights against defendants Martin, McCarty, Gordon, Boister and Brown. However, the complaint does not state any other cognizable claims. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff six (6) summonses and six(6) USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, <u>Hydrick v. Hunter</u>, 500 F.3d 978, 987-88 (9th Cir. 2007). With respect to defendants in supervisory positions, "there is no pure respondeat superior liability under § 1983,

1  [and] a supervisor [may only be held] liable for the constitutional violations of subordinates 'if the

2  supervisor participated in or directed the violations, or knew of the violations and failed to act to

3  prevent them." Id. at 988. (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).  Although

4  accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

5  speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citations

6  omitted).

7        Finally, Plaintiff is advised that an amended complaint supercedes the original complaint.

8  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

9  (9th Cir. 1987).  The amended complaint must be "complete in itself without reference to the prior

10 or superceded pleading." Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged

11 in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d

12 at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth,

13 114 F.3d at 1474.

14       Based on the foregoing, it is HEREBY ORDERED that:

15       1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

16       2.      Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

17               a.      File an amended complaint curing the deficiencies identified by the Court in

18                       this order, or

19               b.      Notify the Court in writing that he does not wish to file an amended

20                       complaint and wishes to proceed only against Defendant Schultz for violation

21                       of the Eighth Amendment and Defendants Martin, McCarty, Gordon, Boister

22                       and Brown for violation of the First Amendment; and

23       3.      If Plaintiff fails to comply with this order, this action will be dismissed for failure to

24               obey a court order.

25 IT IS SO ORDERED.

26 **Dated:    January 12, 2009**              **/s/  William M. Wunderlich**
                                          UNITED STATES MAGISTRATE JUDGE

27

28