# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JOHN I. McALLISTER,                          CASE NO. 1:06-cv-00082-OWW-SMS PC

                      Plaintiff,       ORDER DISMISSING ACTION, WITH
                                             PREJUDICE, FOR FAILURE TO PROSECUTE
     v.

PAUL M. SCHULTZ, et al.,

                    Defendants.

_____/

Plaintiff John I. McAllister ("Plaintiff") is a former federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), which provides a remedy for violation of civil rights by federal actors. This action is proceeding on the complaint, filed on January 26, 2006, against Defendants Gordon, Martin, McCarty, Schultz, and Brown for violations of the First Amendment. On March 23, 2011, an order issued reassigning this action to the undersigned. On April 7, 2011, the order was returned undeliverable, attempted not known, unable to forward. On May 10, 2011, Defendants filed a motion for summary judgment. On June 9, 2011, an order issued vacating the hearing set for June 27, 2011. On June 22, 2011, the order was returned as undeliverable, unable to forward. On June 23, 2011, an order issued directing Plaintiff to respond within fifteen days to Defendants' motion for summary judgment. The order was returned as undeliverable on July 8, 2011. On July 15, 2011, a change of address was filed and the order requiring Plaintiff to respond within fifteen days was re-served to Plaintiff's new address on July 18, 2011. More than fifteen days have passed and Plaintiff has failed to reply or otherwise respond to

1

1    the order.

2          Plaintiff was warned that the failure to file a response to Defendants' motion would result

3    in dismissal of the action, with prejudice, for failure to prosecute.[1]   The Court has the inherent power

4    to control its docket and may, in the exercise of that power, impose sanctions where appropriate,

5    including dismissal of the action.  <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 841 (9th Cir.

6    2000).  In determining whether to dismiss an action for failure to comply with a pretrial order, the

7    Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's

8    need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

9    disposition of cases on their merits; and (5) the availability of less drastic sanctions."  <u>In re</u>

10   <u>Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d 1217, 1226 (9th Cir. 2006)

11   (internal quotations and citations omitted).  These factors guide a court in deciding what to do, and

12   are not conditions that must be met in order for a court to take action.  <u>Id.</u> (citation omitted).

13         "'The public's interest in expeditious resolution of litigation always favors dismissal,'" <u>id.</u>

14   (quoting <u>Yourish v. California Amplifier</u>, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action

15   has been pending more than five years.  Plaintiff is obligated to comply with the Federal Rules of

16   Civil Procedure, the Local Rules, and court orders.  Plaintiff failed to comply with the order

17   requiring him  respond to Defendants' motion for summary judgment and with local rule requiring

18   him to update his address.  The Court cannot effectively manage its docket if a party ceases litigating

19   the case.  Thus, both the first and second factors weigh in favor of dismissal.

20         Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and

21   of itself to warrant dismissal."  <u>Id.</u> (citing <u>Yourish</u> at 991).  However, "delay inherently increases the

22   risk that witnesses' memories will fade and evidence will become stale," <u>id.</u>, and it is Plaintiff's

23   failure to comply the Court's order and local rules that is causing delay.  Therefore, the third factor

24   weighs in favor of dismissal.

25         As for the availability of lesser sanctions, at this stage in the proceedings there is little

26

27         ───────────────

28         [1]A party appearing pro se is under a duty to keep the inform the court of any change of address.  Absent
     such notice, service of documents at the prior address . . . shall be fully effective.  Local Rule 182(f).

1  available to the Court which would constitute a satisfactory lesser sanction while protecting the

2  Court and the State of California from further unnecessary expenditures of their scare resources.

3  Plaintiff is proceeding pro se and is a former prisoner, making monetary sanctions likely of little use,

4  and given this stage of the proceedings, the preclusion of evidence or witnesses is likely to have no

5  effect on a plaintiff who has ceased litigating the case.

6        Finally, because public policy favors disposition on the merits, this factor usually weighs

7  against dismissal.  Id. at 643.   However, "this factor lends little support to a party whose

8  responsibility it is to move a case toward disposition on the merits but whose conduct impedes

9  progress in that direction," as is the case here.  In re Phenylpropanolamine (PPA) Products Liability

10 Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotations and citations omitted).

11       Based on Plaintiff's failure to comply to with or otherwise respond to the Court's order and

12 local rules, the Court is left with no alternative but to dismiss the action for failure to prosecute.  In

13 re PPA, 460 F.3d at 1228.  This action, which has been pending since 2006, can proceed no further

14 without Plaintiff's cooperation and compliance with court orders, and the action cannot simply

15 remain idle on the Court's docket, unprosecuted.  Id.

16       Accordingly, it is HEREBY ORDERED that:

17       1.    This action is dismissed, with prejudice, for Plaintiff's failure to prosecute; and

18       2.    All pending motions are terminated.

19

20 IT IS SO ORDERED.

21 **Dated:    August 26, 2011**            _____ **/s/ Oliver W. Wanger**_____
                                          UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28